Case 2:18-cv-00441 Document 57 Filed on 12/11/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CODE 3 EMERGENCY PARTNERS, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL NO. 2:18-CV-441 |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, | § § § | |
| | § § | |
| Defendant. | § | |

# ORDER

The Court is in receipt of the Motion to Dismiss and Terminate Joint Consent Order filed by Defendant Blue Cross and Blue Shield of Texas ("BCBSTX") on November 9, 2020. Dkt. No. 56. Plaintiff Code 3 Emergency Partners, LLC ("Code 3") has not filed a response.

## I. Background

On November 29, 2018, Code 3 filed Plaintiff's Original Petition and Verified Application for Temporary Restraining Order in state court against BCBSTX. Dkt. No. 1-1. In its complaint, Code 3 sought a preliminary injunction seeking to enjoin BCBSTX from implementing, at Code 3's five freestanding emergency room facilities in Texas, a new process called the "Emergency Benefit Management" process for claims administration.[1] *Id.* at 2. Code 3 also alleged breach of contract

---

[1] BCBSTX explains that Code 3 was seeking to enjoin BCBSTX's Emergency Room Claim Integrity Policy ("ERCIP") which "applies to out-of-network emergency care providers and protects against billing abuses such as upcoding, unbundling, and billing for non-emergency services as if they were emergencies solely to inflate reimbursement –all for care that can be delivered in urgent care clinics or physician offices at a fraction of the cost." Dkt. No. 56, n. 1.

and violations of the Texas Prompt Pay Act.[2] *Id.* BCBSTX removed to federal court on December 7, 2018. Dkt. No. 1. On January 4, 2019, this Court entered a Joint Consent Order that addressed, in part, a proposed schedule for adjudicating Code 3's request for a preliminary injunction. Dkt. No. 19. The order stated that the "preliminary injunction [was] set for hearing on March 6 and 7 (if necessary), 2019." *Id.* at 2. Thereafter, on January 28, 2019, the Court issued an order stating that no hearing was necessary. Dkt. No. 22.

The parties attended mediation on May 20, 2019. Dkt. No. 29. Mediation was unsuccessful. *Id.* On February 21, 2020 parties filed an Agreed Motion to Stay Proceedings, Dkt. No. 42, which the Court granted, Dkt. No. 43.

On August 25, 2020, counsel for Code 3 filed a Motion to Withdraw as Counsel due to nonpayment of legal fees. Dkt. No. 46. The Court granted the motion to withdraw as counsel on October 21, 2020 and ordered Code 3 to provide the Court with the name and contact information of its new counsel by November 2, 2020.[3] Dkt. No. 52. In that order, the Court notified Code 3 that the Court would dismiss this case for failure to prosecute if it failed to respond to the Court's order by November 2, 2020. *Id.* To date, Code 3 has not provided the Court with the name and contact information of new counsel.

On November 9, 2020, BCBSTX filed its Motion to Dismiss and Terminate Joint Consent Order. Dkt. No. 56. BCBSTX argues that, in anticipation of Code 3's request for preliminary injunction being heard in early March 2019, "and to allow for an orderly process on the briefing and hearing, BCBSTX agreed [via the Joint Consent Order] to refrain from applying the ERCIP to claims submitted by Plaintiff or the 'five freestanding emergency room facilities.'" *Id.* at 3. BCBSTX requests "that the Court terminate the Joint Consent Order (ECF No. 19) and dismiss this

---

[2] Code 3 filed an Amended Complaint on December 24, 2018. Dkt. No. 17. The Amended Complaint added the following claims: benefits due under ERISA plans, breach of ERISA fiduciary duties, and denial of full and fair review. *Id.*

[3] The Court incorporates by reference the October 21, 2020 order, Dkt. No. 52, detailing the steps counsel for Code 3 took to notify Code 3 of counsel's intent to withdraw. The motion to withdraw was deemed unopposed since no party filed an objection. Dkt. No. 52.

action."[4] *Id.* BCBSTX argues that "[a]fter assuming new leadership, [Code 3] has not responded to BCBSTX's efforts to resolve this case, failed to compensate its counsel, defied this Court's order to retain new counsel under threat of dismissal, and remains unrepresented as of the date of this Motion." *Id.* Code 3 has not filed a response to BCBSTX's Motion to Dismiss and Terminate Joint Consent Order.

## II. Legal Standard

"[A] corporation cannot appear in federal court unless represented by a licensed attorney. *Memom v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Further "[u]nder Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). "A preliminary injunction cannot survive dismissal of a complaint." *Auto Parts Mfg. Miss., Inc., v. King Constr. of Houston, LLC*, 782 F.3d 186, 191 (5th Cir. 2015) (citation and internal quotations omitted).

## III. Analysis

No new counsel for Code 3 has filed a notice of appearance on the docket or filed a motion for *pro hac vice* admission in this Court. Additionally, Code 3 has not filed a response to BCBSTX's Motion to Dismiss and Terminate the Joint Consent Order. "Failure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. LOCAL R. 7.4.

---

[4] The Joint Consent Order reads as follows:

> (3) Unless the Court determines upon motion by either party that there is good cause to extend, modify, or terminate this Order, this Order shall remain in effect until the Court's decision on Code 3's application for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Dkt. No. 19 at 2.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** the above-captioned case. The Court **GRANTS** BCBSTX's Motion to Dismiss and Terminate Joint Consent Order, Dkt. No. 56, and **DIRECTS** the Clerk of the Court to close this case.

SIGNED this 11th day of December 2020.

_____
Hilda Tagle
Senior United States District Judge